UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:12-CV-00490-TBR

JACOB PROCTOR                                                                                          PLAINTIFF

v.

SWIFTY OIL CO., INC.                                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiff's motion to remand to the Circuit Court of Jefferson County, Kentucky. Pl.'s Mot. Remand, Docket Number ("DN") 5. The Defendant has responded. Def.'s Resp., DN 8. The time to reply has expired. This matter is now ripe for adjudication. Having considered the matter and being sufficiently advised, the Plaintiff's motion is DENIED.

**I.**

Plaintiff Jacob Proctor ("Proctor") filed this case in the Circuit Court of Jefferson County, Kentucky on July 20, 2012. *See* Compl., DN 1-1. He alleges that Defendant Swifty Oil Co., Inc. ("Swifty"), wrongfully terminated his employment, withheld previously earned wages, and intentionally inflicted emotion distress upon him. Proctor seeks to recover an unspecified amount of compensatory and punitive damages, a statutory award of attorney's fees, and any other relief to which he may be entitled.[1]

Complete diversity exists between the parties. Proctor is a resident and citizen of Kentucky, while Swifty is a corporation organized under the laws of Indiana with its principle

---

[1] Because Proctor filed his complaint in a state court of Kentucky, he was prohibited, by rule, from alleging any specific amount of damages save "an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court." Ky. R. Civ. P. 8.01(2). Kentucky's circuit courts have jurisdiction over any case where the amount in controversy exceeds $5,000. *See* KRS §§ 23A.010(1), 24A.120. Accordingly, Proctor's state court complaint merely alleges that "the amount in controversy exceeds the jurisdictional minimum of [the Jefferson County] Circuit Court." Compl., DN 1-1, ¶ 7.

1

place of business in Seymour, Indiana.[2]  In its notice of removal, Swifty also asserts that the amount in controversy exceeds $75,000.  Notice of Removal, DN 1, ¶¶ 8-12.  Accordingly, on August 14, 2012, Swifty removed to this Court on the basis of diversity jurisdiction found in 28 U.S.C. § 1332.

Following removal, Proctor filed the present motion to remand.  Proctor does not dispute that the parties are completely diverse.  Rather, he alleges that this Court lacks jurisdiction because the amount in controversy does not exceed $75,000.  To that end, Proctor submitted an unsworn statement that "Plaintiff will not seek or accept an award in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunction."  Stipulation, DN 5-1.  The Court must now consider whether it has jurisdiction to hear this case under the terms of the diversity statute.

## II.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A federal district court has original "diversity" jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id.* § 1332(a).  A defendant removing to federal court bears the burden of proving the diversity jurisdiction requirements.  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  In particular, the defendant must prove

---

[2] In his state court complaint Proctor alleges that Swifty is a Kentucky corporation with its principle place of business in Kentucky.  *See* Compl., DN 1-1, ¶¶ 2-3.  Attached to its notice of removal, Swifty included an affidavit showing that Swifty is organized under the laws of Indiana with its principle place of business in Seymour, Indiana.  *See* Aff. Clint Ahlbrand, DN 1-2, ¶¶ 3-4.  In his motion to remand, Proctor has not challenged Swifty's assertion of Indiana citizenship.  Accordingly, the Court finds that Swifty is a foreign corporation organized under the laws of Indiana with its principle place of business in that state.

the amount in controversy by a preponderance of the evidence. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)). The diversity jurisdiction requirements are determined at the time of removal, *Rogers*, 230 F.3d at 871, and ambiguities concerning removal are strictly construed against federal jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Finally, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872.

### III.

The only issue before the Court is whether the amount in controversy exceeds $75,000. The Court has addressed this issue in a varied number of factual circumstances on multiple occasions. *See, e.g.*, *Winburn v. Metro. Direct Prop. & Cas. Ins. Co.*, No. 3:07-CV-51-R, 2007 WL 891865 (W.D. Ky. March 20, 2007); *Shofner v. Mid-America Harborside Healthcare*, No. 3:07-CV-2-R, 2007 WL 433118 (W.D. Ky. Feb. 5, 2007); *Sparks v. Wal-Mart Stores, Inc.*, No. 1:06-CV-151-R, 2007 WL 101850 (W.D. Ky. Jan. 10, 2007). Despite the Court's familiarity with the issue, Congress recently amended the procedure for removing certain civil actions. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446). Of specific importance to the present case is the addition of 28 U.S.C. § 1446(c)(2).

As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the

evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]." *Id.* § 1446(c)(2)(B).  These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings.  *See* Ky. R. Civ. P.  8.01(2), 54.03(2).  Therefore, the issue remains whether Swifty has shown that it is more likely than not that the amount in controversy exceeds $75,000.

The assertions in the initial pleadings and the evidence attached to the parties' briefs on the motion to remand permit the Court to easily find that it is more likely than not that the amount in controversy exceeds $75,000.  Proctor claims that he was wrongfully discharged from employment in violation of public policy.[3]  If successful on this claim he would be entitled to compensatory damages in the form of front and back pay.  During his employment with Swifty, Proctor was paid $8.50 per hour and worked approximately 37 hours per week.  *See* Aff. Sherry Baker, DN 9-1.  Conservatively estimating that this case can proceed from filing to resolution by trial in a year and a half (72 weeks), Proctor would be owed at least $22,644.00 in back pay.  If he even received half of this amount in front pay, he would be awarded an additional $11,322.00, for a total of $33,966.00 in compensatory damages from the wrongful discharge claim alone.

Next, considering that Proctor also seeks punitive damages on the wrongful discharge claim, it becomes clear that the amount in controversy is beyond $75,000.[4]  The Supreme Court has embraced a punitive-to-compensatory damages ratio near 4-to-1.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003).  Reducing that amount even further to a ratio

---

[3] Kentucky recognizes a cause of action for wrongful discharge from violation of public policy.  *See Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730 (Ky. 1983)  (recognizing a cause of action for retaliatory discharge when the discharge was motivated by the filing of a workers' compensation claim).
[4] Punitive damages are available in Kentucky for claims of wrongful discharge in violation of public policy.  *See Berrier v. Bizer*, 57 S.W.3d 271, 283 (Ky. 2001) ("Generally, punitive damages are available in an action involving the termination of an at-will employee in violation of public policy.").

of 2-to-1 in this case would result in Proctor being awarded $67,932.00 in punitive damages. Together, these restrictive estimates of compensatory and punitive damages total $101,898.00, well beyond the statutory requirement.

Finally, these well-reasoned estimates total more than $75,000 without taking into account Proctor's claims for the intentional infliction of emotion distress, unpaid wages, and, perhaps most importantly, statutorily awarded attorneys' fees. The addition of these claims makes it a near-certainty that the amount in controversy is beyond the jurisdictionally required amount.[5]

In an attempt to show that the amount in controversy is below $75,000, Proctor included an unsworn stipulation with his motion to remand declaring that "Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." Stipulation, DN 5-1. Post-removal stipulations reducing the amount in controversy below $75,000 are generally disfavored because "[i]f the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers*, 230 F.3d at 872. It must be noted, however, that courts of this district recognize a caveat to the rule elucidated in *Rogers*. Where a plaintiff's post-removal stipulation states the amount in controversy for the first time, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 777-78 (W.D. Ky. 2002). But only where that clarifying stipulation is unequivocal will

---

[5] In a prior decision of this district, then-Chief Judge Heyburn found that the "Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement" where the "Plaintiff alleges termination due to age and sex discrimination, lost wages, benefits, humiliation, and embarrassment; and willful, malicious and outrageous conduct." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002). Although not an age and sex discrimination case, the claims alleged by Proctor in the current wrongful termination case are substantially similar to those in *Egan*. Therefore, the Court is not alone in finding that it is more likely than not that the amount in controversy exceeds $75,000.

it limit the amount of recoverable damages and warrant remand. *Id.* at 778.

In *Egan*, the court held that a clarifying stipulation stating that the plaintiff would only "accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount" was equivocal and insufficient to warrant remand. *Id.* at 775, 778. "To merely say that one will not accept money in access of a certain amount limits neither the judgment nor the demand." *Id.* at 778. The stipulation at issue in the present case states that Proctor "will not seek or accept an award of damages in excess of $74,999.00." The addition of the word "seek" does nothing to rectify the equivocal nature of this stipulation. The Federal Rules of Civil Procedure and those found in Kentucky both allow a party to recover damages beyond that set forth in the pleadings. *See* Fed. R. Civ. P. 54(c); Ky. R. Civ. P. 54.03(2). Accordingly, simply because Proctor does not "seek" damages in excess of $75,000 does nothing to preventing him from being awarded or collecting damages in excess of the jurisdictional amount.

## CONCLUSION

Plaintiff Jacob Proctor moved to remand this case to state court because the amount in controversy does not exceed $75,000. Upon removal, the Court finds that Defendant Swifty Oil Company, Inc., has carried its burden and that it is more likely than not that the amount in controversy is greater than the jurisdictionally required amount. According, the Plaintiff's motion is DENIED.